133 N.J. Super. 333 (1975)
336 A.2d 493
AL FRIEDMAN, PLAINTIFF-APPELLANT,
v.
FRIENDLY ICE CREAM CO., COMMERCIAL UNION ASSURANCE COMPANIES AND EMPLOYERS-COMMERCIAL UNION COMPANIES, DEFENDANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS,
v.
FRUIT CROWN PRODUCTS CORP., WAWONA PRESERVING CO. AND BLANKE BAIR, INC., THIRD-PARTY DEFENDANTS,
v.
LYONS MAGNUS, FOURTH-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued March 18, 1975.
Decided March 27, 1975.
*335 Before Judges HALPERN, CRAHAY and WOOD.
Mr. Donald T. Joworisak argued the cause for appellant (Mr. Thomas W. Sharlow, attorney).
Mr. Thomas E. Lenney argued the cause for respondents Friendly Ice Cream Company, Commercial Union Assurance Companies and Employers-Commercial Union Companies (Mr. Robert F. Colquhoun, attorney).
Messrs. Wolff, Britt & Riehl filed a statement in lieu of brief for Fruit Crown Products Corp.
Mr. George H. McElroy filed a statement in lieu of brief for Wawona Preserving Co.
Messrs. Lewis, Siegel & Wood filed a statement in lieu of brief for Blanke Bair, Inc.
Lyons Magnus was made a fourth-party defendant but was never served with process.
PER CURIAM.
Summary judgment was entered in favor of defendants Friendly Ice Cream Company (Friendly), Commercial Union Assurance Companies and Employers-Commercial Union Companies (insurers), and plaintiff's complaint against them was dismissed. Plaintiff appeals from the entry of that judgment.
The third and fourth-party defendants were not sued directly by plaintiff, and for all practical purposes are not parties to this appeal.
*336 It is necessary, for a better understanding of our opinion, to briefly set out in chronological order the events leading up to the filing of the complaint.
On September 14, 1971 plaintiff, while eating a dish of peach ice cream purchased at Friendly's store, bit into a pit and sustained injuries to a tooth and his mouth. Admittedly, by September 28, 1971 the insurers received notice of plaintiff's injuries. They investigated the incident and had plaintiff examined by a dentist of their choice. On or about February 18, 1972 they offered plaintiff a $400 settlement which he turned down. Negotiations for a settlement continued but they were not productive. For the first time, on July 12, 1973, the insurers wrote plaintiff and told him that responsibility for his injuries rested with Wawona Preserving Co. which had furnished the fruit for the ice cream. Wawona disclaimed liability. On September 11, 1973 plaintiff wrote Friendly and complained about the treatment he had received at the hands of the insurers since liability was never questioned, and threatened suit. On September 17, 1973 insurers answered plaintiff's letter of September 11, 1973 and told him, for the first time, his claim was now barred by the statute of limitations and that "your rights towards the accident were not prejudiced by any acts of omission or commission by this company."
Plaintiff, on October 19, 1973, instituted suit against Friendly and its insurers. His first count sounded in negligence and breach of warranty; the second count charged the insurers with misrepresentations and fraud in carrying on settlement negotiations and in lulling him into believing that the statute of limitations would not bar his claim. Thereafter, by way of third and fourth-party complaints relief was sought in the event plaintiff recovered a judgment against defendants.
When the trial judge granted summary judgment to the original defendants he made no findings of fact but merely stated, "My inclination is that I feel in this action that *337 the statute of limitations is an applicable defense, and I will grant the motion for summary judgment."
It is fundamental that a motion for summary judgment should be granted only if the pleadings, depositions and admissions on file show palpably that there is no genuine issue as to any material fact, and that the moving party is entitled to a judgment as a matter of law. R. 4:46-2; Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954). Such motions are granted only with much caution, Devlin v. Surgent, 18 N.J. 148, 154 (1955), and where there are genuine disputed issues of fact, they must be resolved at a plenary hearing. Wilson v. Miller, 25 N.J. Super. 280, 289 (App. Div. 1953). In deciding whether a genuine issue as to any material fact exists, the moving papers and pleadings are considered most favorably for the party opposing the motion and all doubts are resolved against the movant. If there is the slightest doubt as to the facts, the motion should be denied. Ruvolo v. American Cas. Co., 39 N.J. 490, 499 (1963); United Advertising Corp. v. Metuchen, 35 N.J. 193, 195-196 (1961).
We have reviewed this entire record with these principles in mind and have concluded that summary judgment should not have been granted. Fact questions were presented pertaining to defendants' conduct in negotiating a settlement, calling for jury determination as to whether the statute of limitations was available to them as a defense. Giving plaintiff the benefit of all reasonable inferences, as we must, a jury could find that (a) plaintiff had a valid cause of action against Friendly and its insurance carriers, (b) these defendants had, in effect, admitted liability, (c) these defendants had offered a settlement which was refused by plaintiff (at oral argument defendants' attorney admitted the offer was too low), (d) the settlement negotiations were intentionally protracted for about 22 months so as to have the statute of limitations run against plaintiff's claim, and (e) defendants were guilty of unconscionable conduct which *338 tolled the running of the statute of limitations while settlement negotiations were being carried on. See Peloso v. Hartford Ins. Co., 56 N.J. 514 (1970), wherein the statute of limitations was tolled during the period that an insured attempted to negotiate a settlement with his own insurance carrier over a fire loss. We see no reason why the principles enunciated in Peloso should not be applied here when defendants are charged with admitting liability but disagreed only as to the settlement amount. The approach we take comports with the philosophy expressed by our Supreme Court that the statute of limitations should not be a shield against legitimate claims when equity requires otherwise or that an estoppel be invoked. See Fernandi v. Strully, 35 N.J. 434 (1961); Kyle v. Green Acres, 44 N.J. 100 (1965); New Market Poultry v. Fellows, 51 N.J. 419 (1968); Rosenau v. New Brunswick, 51 N.J. 130 (1968); Warren v. Employers Fire Ins. Co., 53 N.J. 308 (1969); Sobin v. M. Frisch & Sons, 108 N.J. Super. 99 (App. Div. 1969), certif. den. 55 N.J. 448 (1970).
In addition, our review of the meager record convinces us that, in view of the issues outlined herein, it was wholly inadequate for a decision on the merits by the summary judgment route. Anderson v. Sills, 56 N.J. 210, 215 (1970); Jackson v. Muhlenberg Hospital, 53 N.J. 138, 142 (1969).
Reversed and remanded for a plenary trial.