TOWNSHIP OF MILLBURN, RESPONDENT, v. RALPH
TURNER PITT, JR., *ET AL.*, APPELLANTS.

Argued September 22, 1975—Decided October 22, 1975.

*Mr. Emanuel Needle* argued the cause for appellants (*Messrs. Kohn, Soperstein and Needle,* attorneys; *Mr. Needle* of counsel).

*Mr. Fred G. Stickel, III,* argued the cause for respondent (*Messrs. Stickel, Kain and Stickel,* attorneys).

The opinion of the court was delivered by

MOUNTAIN, J. This is a condemnation suit. In 1955 the Township of Millburn acquired by purchase a tract of land expressly intended to be used for off-street parking purposes. The premises in question once formed part of a larger area, at that time owned by South Mountain Realty Co. This developer divided the whole tract into smaller par-

cels and conveyed these to various grantees. All of the deeds from the common grantor contained the same restrictive covenant, in the nature of an equitable servitude, limiting the use of the land to residential purposes. Concededly, the land was burdened by this covenant at the time of municipal acquisition in 1955.

Some years later it was decided to set aside part of the tract as a site upon which to construct a library building. In 1973 an ordinance was adopted by Millburn Township authorizing the issuance of $1,425,000 of bonds, the proceeds to be used to construct and furnish the proposed new library. The ordinance contained a metes and bounds description of the land, leaving no doubt as to the location of the property. Elsewhere in the ordinance there was a reference to the tract as "a site heretofore acquired for such [library] purpose." In December, 1974, plaintiff adopted an ordinance specifically directing that the interests of defendants in the premises in question be acquired either by purchase or condemnation. Defendants are persons resident in the neighborhood who trace their chain of title back to the common grantor, South Mountain Realty Co. Presumably they have, or may have,[1] interests in the land in question that might be exercised to prevent the construction of a library building, the property having been restricted to residential use. It is to extinguish these rights that the present condemnation action has been instituted.

██ Upon preliminary motion it was decided — correctly, we think — that defendants' attack upon the 1973 bond ordinance was far out of time. R. 4:69-6(b)(11). Even were the issue to be considered on its merits, however,

---

[1] A question as to the subsisting vitality of these interests stems from the fact that of the original 24 parcels made subject to this equitable servitude, the rights arising therefrom have been effectively released in respect of all but six. Nor can it be overlooked that plaintiff's use of the premises in question since 1955 for off-street parking as well as for recreation purposes has been wholly at odds with the requirements of the covenant.

their argument cannot be sustained. As we have indicated above, the ordinance described the land as having been acquired for library purposes when it had in fact been originally purchased for use as an off-street parking area. Defendants would have it that this misstatement is sufficient to render the enactment void. Such a result cannot be supported. There was no mistake as to the property intended, since the land was carefully described by metes and bounds; nor is there any suggestion supported by the slightest evidence of a purposeful intent to misrepresent. This being so, a mistaken reference to its original purpose was without significance; no one could have been misled.

In view of these conclusions, defendants' contention that they were entitled to discovery with respect to the details of the adoption of the 1973 ordinance is without merit.

■ Defendants also argue that the condemning authority has failed to comply with the procedural safeguards embodied in *N. J. S. A.* 20:3-6. Among other things this statute obliges a condemnor who cannot agree with a landowner as to the terms of acquisition, to appraise the property to be taken and then to make an offer of purchase in an amount not less than such appraisal. It is quite clear from the record that the Township endeavored for a considerable period of time to come to terms with defendants, but to no avail. Furthermore, the record before the judge who heard certain preliminary motions indicates that defendants waived all statutory procedural matters except the submission of an offer. Such a submission was in fact made. We find no merit in this argument.

■ On the other hand plaintiff's affirmative contentions are compelling. It points out that it is expressly authorized by statute to convert real property, "which . . . shall have become unsuited or inconvenient for the use for which it was acquired . . . to any other public use . . . ." *N. J. S. A.* 40A:12-5(b). Defendants insist that such conversion must be by ordinance. In reply, plaintiff points to the bond ordi-

nance of 1973. Were an ordinance in fact required, we think this enactment would have been sufficient for the purpose. But we do not read the statute to require the adoption of an ordinance. *N. J. S. A.* 40A:12–5 addresses itself, in three subsections, to the acquisition, conversion and disposal of real property. Subsections (a) and (c), dealing with acquisition and disposal of such property, specifically require that municipal action take the form of an ordinance. Subsection (b), treating of conversion from one use to another, sets forth no formal requirement as to how the municipality shall proceed. We think the legislative intent to forego the requirement of an ordinance is clear.

 The Township also argues that its intended action — to extinguish defendants' rights that may exist by virtue of the restrictive covenant—is perfectly legal and valid whether or not the land is to be devoted to library purposes. It does seem clear that there is express statutory sanction permitting a municipality to free its land from encumbrances or clouds on title such as may here be present. A section of the "Local Lands and Buildings Law," *N. J. S. A.* 40A:12–1 *et seq.* reads as follows:

Any county or municipality having acquired any real property, capital improvement or personal property or any estate or interest therein subject to any lawful conditions, restrictions or limitations upon its use may subsequently acquire such outstanding interest.

In any case in which a county or municipality seeks to acquire such interest or estate by purchase or condemnation, the amount to be paid to the owner of the reversionary or other private right or estate or expectancy shall be the value of such right, subject to the continued use of the property for the purpose or purposes for which it was acquired by the county or municipality. [*N. J. S. A.* 40A:12–7]

No reason is suggested why plaintiff may not proceed to perfect its title by resort to this statute.

We hold the plaintiff's actions to have been in all respects proper. Construction of the library need be delayed no longer. The stay entered by the trial court is hereby vacated

and the cause is remanded to the end that the condemnation may go forward to completion. The judgment of the trial court is affirmed.

*For affirmance*—Chief Justice HUGHES, Justices MOUN-TAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.