**IMPEX AGRICULTURAL COMMODITIES: DIVISION OF IMPEX OVERSEAS CORPORATION, Plaintiff,**

v.

**LEONARD PARNESS TRUCKING CORP.; W.M. Ross & Company, Inc., and St. Paul Fire & Marine Insurance Co., Defendants.**

Civ. A. No. 83–1582.

United States District Court,
D. New Jersey.

March 30, 1984.

Leiby & Welsh, Fort Lee, N.J., for plaintiff.

Greenberg, Feiner, Wallerstein & Benisch, West New York, N.J., for defendant Leonard Parness Trucking Corp.

Feuerstein, Sachs, Maitlin, Rosenstein & Fleming, West Orange, N.J., for defendant W.M. Ross & Co., Inc.

Joshua Wall, Westmont, N.J., for defendant St. Paul Fire & Marine Ins. Co.

## OPINION

DEBEVOISE, District Judge.

### I. PRELIMINARY STATEMENT

Plaintiff, Impex Agricultural Commodities Division of Impex Overseas Corporation ("Impex"), originally instituted this suit against defendants, St. Paul Fire & Marine Insurance Co. ("St. Paul"), Leonard Parness Trucking Corp. ("Parness"), and W.M. Ross & Company, Inc. ("Ross"), to recover damages allegedly resulting from the loss of 640 cartons of meat preserves which Impex had delivered to Parness for carriage to New York City. Parness now moves to amend its answer and to implead its liability insurer, St. Paul, as third-party defendant.

### II. FACTUAL AND PROCEDURAL HISTORY

On October 5, 1981, Impex delivered a quantity of meat preserves to Parness for carriage to New York City. These goods were never delivered, resulting in damages to Impex for the amount of $69,686.55. Thereafter, Parness forwarded Impex's claim for this loss to St. Paul, which declined coverage on February 4, 1982. Upon information that Parness lacked sufficient assets to pay the claim Impex commenced suit on May 3, 1983 against Parness, as insured carrier, St. Paul as liability insurer, and Ross as insurance broker.

On December 12, 1983, the direct action brought by Impex against St. Paul was dismissed on grounds that Impex was neither in privity nor an intended beneficiary of the liability insurance policy entered into between St. Paul and Parness. This policy was limited to indemnifying Parness

against loss or damage for which the insured became legally liable.

Subsequently, Parness moved to amend its crossclaim against St. Paul to assert a direct claim for indemnification. This motion was opposed by St. Paul on grounds that Parness' claim was time-barred. At the same time, Ross moved to dismiss the complaint against it for failure to state a cause of action. By opinion dated December 29, 1983, Ross' motion was denied. Parness' motion was also denied as "moot" by virtue of the court's prior dismissal of St. Paul as a defendant in this matter. Thereafter, the court entered an order on January 30, 1984 dismissing all crossclaims by defendants Ross and Parness against St. Paul. *Impex Agricultural v. Parness Trucking,* 576 F.Supp. 587 (1983).

Presently before the court is Parness' motion to implead St. Paul as a third-party defendant. In response, St. Paul reiterates the objection it made to Parness' prior motion to amend the crossclaim; specifically, St. Paul asserts that the claims against it are time-barred.

## III. DISCUSSION

### A. *Order Dismissing All Crossclaims Against St. Paul is Vacated*

■ Under Rule 13(g) of the Federal Rules of Civil Procedure a crossclaim may be asserted only by one party against a co-party. Thus, a crossclaim may not be brought against a person who has been eliminated from a suit prior to the time when the crossclaim was filed, since the person is no longer a party. 6 Wright & Miller, Federal Prac. & Pro. § 1431 at 163. When, however, the original claim against a party is dismissed on the merits, crossclaims previously interposed against the same party remain. For example, in *Frommeyer v. L. & R. Construction Co., Inc.,* 139 F.Supp. 579 (D.N.J.1956), a sub-subcontractor sued the general contractor, the subcontractor and their respective sureties to recover amounts due under the sub-subcontract. The defendants crossclaimed against the subcontractor's surety, who subsequently moved to dismiss the original

complaint as to it for failure to state a cause of action. This motion was granted. The subcontractor's surety then sought to dismiss the crossclaims but the court denied the motion since at the time the crossclaims were asserted the subcontractor's surety was a co-party. *Id.* at 586. The court in *Aetna Insurance Co. v. Newton,* 398 F.2d 729, 734 (3d Cir.1968), *citing Frommeyer, supra,* similarly concluded that:

> A dismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant.

*See also Fairview Park Excav. Co. v. Al Monzo Construction,* 560 F.2d 1122, 1126 (3d Cir.1977) (district court erred in dismissing crossclaim after complaint against crossclaimed defendant was dismissed for failure to state a claim).

Application of these principles to the case at bar indicates that this court's order dated January 30, 1984 dismissing the crossclaims of Ross and Parness was improvidently granted. Both Ross and Parness had asserted their crossclaims against St. Paul prior to the dismissal on the merits of Impex's complaint against St. Paul. Accordingly, the order entered on January 30, 1984 will be vacated and the crossclaims of Ross and Parness for indemnification reinstated pursuant to Fed.R.Civ.P. 60(b).

### B. *Parness' Third-Party Claim Against St. Paul is Not Time-Barred*

[3] Parness' pending motion to implead St. Paul will be treated as a motion to amend the crossclaim adding a cause of action for breach of contract stemming from St. Paul's refusal to defend Parness in the present lawsuit. St. Paul objects to Parness' third-party claim for indemnification and the proposed amendment to this claim on grounds that all claims against St. Paul arising out of the loss of Impex's goods are time-barred by the one year limitations period specified in the policy. St. Paul's objection will be treated as a motion for summary judgment on the affirmative

statute of limitations defense. Summary judgment on this defense is appropriate since there appears to be no genuine issue as to any material fact regarding the dates which are relevant in evaluating whether the limitations period has run.

The policy of insurance upon which Parness' claim is based provides in pertinent part that:

> Any claim under this Policy shall be void unless action be commenced thereon within one year from the happening of the loss or damage, unless such limitation is void under the laws of the state within which this Policy is issued, in which case any claim under this Policy shall be void unless action be commenced thereon within the shortest period of time within which an insurance company can limit the right of bringing suit under the laws of such state.

■ The New Jersey Supreme Court construed similar language contained in a fire insurance policy in *Peloso v. Hartford Fire Insurance Company*, 56 N.J. 514, 267 A.2d 498 (1970). There, plaintiff, whose premises were insured pursuant to a policy of fire insurance, sued the insurance company to recover for the loss occasioned by a fire. The suit was instituted 18 months after the fire and 9 months after the insurance company notified plaintiff that the claim was denied. The New Jersey Supreme Court enforced the provision in the policy requiring suit on the policy to be commenced in any court of law within 12 months after inception of the loss but tolled such period for any time used by the insurer in evaluating the claim. The plaintiff's claim was therefore deemed to be timely. Under this rule, the one year limitations period contained in St. Paul's policy with Parness commenced to run on October 5, 1981, the date of the loss, but was tolled until February 4, 1982, when the insurance claim submitted by Parness was unequivocally denied. St. Paul argues that Parness' initial crossclaim is untimely since it was filed on September 2, 1983, nineteen months after St. Paul's denial of the claim.

The court's determination in *Peloso* that the contractual limitations period should be tolled until the date when the insurer denied the claim stemmed from the court's concern over the fairness of the limitation period to the insured. This determination of fairness is, of course, binding on this court, but the facts of *Peloso* are very different from those of the instant case. An attempt must be made to determine how the New Jersey courts would decide this case. In *Peloso*, the plaintiff had an immediately ascertainable and assertable claim against the insurance company on the date of the fire loss. By contrast, in the instant case Parness has no assertable claim against St. Paul under the policy until the liability of Parness is established. Paragraph 4 of the policy states that:

> This Policy insures ... the legal liability of the Insured as a carrier for the loss or damage to goods described herein directly caused by perils *for which the Insured is legally liable ...*, including loss or damage caused by Acts of God *if the Insured is held legally liable* therefore.

(Emphasis supplied). Where the policy sued under is one for indemnity against liability, the claim is only indirectly related to the accident causing the loss. The salient issue for determining the timeliness of an insured's suit against a liability insurer is not when the loss or damage occurred but the time when the insured becomes legally liable for such loss. The insured cannot determine the existence of a claim under the insurance policy for indemnity against liability until the rights and liabilities of the third party suing the insured are resolved.

Construction of the contractual language providing for actions on the policy to "be commenced within one year from the happening of the loss or damage" requires that the limitation period be calculated from the date of the loss.

■ The date of loss for a policy which indemnifies an insured against liability arises when the insured is adjudicated legally liable for the damages suffered by a third party. In the case at bar, the insured

has not yet been held legally liable for the loss of Impex's goods. Consequently, the statute of limitations under Parness' policy with St. Paul has not begun to run.

St. Paul urges this court to construe the contractual language specifying that the limitations period commences upon the "happening of the loss or damage" as referring to the third party's loss, rather than the date when legal liability is imposed upon the insured. Adoption of this construction of the insurance policy would result in great unfairness to the insured. If the one year limitations period were to commence on the date of the casualty, the insured's legal liability might be established only after the contractual limitations period had elapsed. Indeed, in the instant case, Impex did not institute its suit against Parness until May 3, 1983, approximately 19 months after the loss of its goods, and almost 15 months after St. Paul denied the claim on February 4, 1982. Rejection of St. Paul's construction of the contractual language is consistent with the policy articulated by the New Jersey Supreme Court in *Peloso* that "the statute of limitations should not be a shield against legitimate claims when equity requires otherwise." *Friedman v. Friendly Ice Cream Co.*, 133 N.J.Super. 333, 338, 336 A.2d 493 (App.Div.1975). Therefore, in circumstances where the insured's recovery under its insurance policy is limited to losses for which it is legally liable, the contractual limitations period does not commence to run until the insured's legal liability is established.

The court in *Sassi v. Jersey Trucking Service, Inc.*, 283 App.Div. 73, 126 N.Y. S.2d 389 (1953) addressed the issue of the timeliness of a claim under a liability insurance policy such as the one at bar and also concluded that the contractual limitations period commences only when the insured's liability is determined. There, the defendant trucking service received a quantity of merchandise for delivery but, before delivery, the trucks and merchandise were stolen. The defendant's insurer was notified of the loss and initiated an investigation, assuring the defendant that a settlement would be effected. More than three years after the theft, no settlement had been reached. Consequently, the owners of the stolen merchandise sued the trucking company, which impleaded its insurer. Relying on the contractual limitations period requiring suit on the policy to be "commenced within twelve (12) months next after the happening of the loss," the insurer moved for summary judgment on the third-party complaint on the ground that the claim was time-barred. The court denied the motion since the loss contemplated by the policy came into being only if and when the liability of the trucking company to the owners of the goods was determined. Hence, the one year period was held to commence with the determination of the liability of the trucking company.

The reasoning of the court in *Sassi* is fully applicable to the instant facts, and I believe it would be followed by New Jersey's state courts. Therefore, I find that the limitations period commences on the date when Parness is adjudicated legally liable to Impex for the loss of the latter's goods. Since Impex's claim against Parness has not yet been adjudicated, the contractual limitations period has not yet begun to run. Accordingly, Parness' crossclaim against St. Paul for indemnification and breach of contract is timely.

## IV. CONCLUSION

Parness' motion to amend its crossclaim against St. Paul is granted and St. Paul's motion for summary judgment on the crossclaim is denied. Parness' attorneys are requested to present a form of order implementing this opinion.