260 N.J. Super. 37 (1992)
614 A.2d 1374
TOWNSHIP OF HILLSBOROUGH, SOMERSET COUNTY, A BODY CORPORATE AND POLITIC OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
CHARLES ROBERTSON AND THOMAS A. ROBERTSON, THEIR HEIRS, DESIGNATION OF TRIAL COUNSEL DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST, NELSON'S CORNER ASSOCIATES, ALLEN PARTNERS, A LIMITED PARTNERSHIP, WILLIAM HORVATH AND ROBERT GETZ, JAMES S. AJAMIAN, ROBERT C. AND DONNA GODFREY, RICHARD NUNN AND WILLIAM MAGERS, DONALD J. ENGESSER AND BARBARA J. ENGESSER, HILLSBOROUGH CENTRE, A LIMITED PARTNERSHIP, MARY KLINE AND/OR HER HEIRS, DEVISEES OR PERSONAL REPRESENTATIVES, AND HERBERT B. VATTER, AND CATHERINE A. VATTER, DEFENDANTS.
Superior Court of New Jersey, Law Division Somerset County.
Decided August 7, 1992.
*39 Edward A. Halpern, for plaintiff.
Kenneth P. Fee, for defendants John S. Kline, Mary E. Kline and Alfred R. Kline

OPINION
DIANA, A.J.S.C.
This matter is before the court on the return date of an Order to Show Cause appointing Condemnation Commissioners. The plaintiff Township of Hillsborough ("Township") adopted a resolution determining that an easement across real property owned by defendants Charles Robertson and Thomas A. Robertson should be acquired in order to complete a cross access easement between two commercial shopping centers. Subsequent thereto, the Township instituted the within condemnation proceeding to acquire the Robertson property.
Defendants John S. Kline, Mary E. Kline and Alfred R. Kline own real property located at the rear of one of the shopping centers (not yet built) and have an express easement for ingress and egress over the Robertson property. Defendants Kline filed an answer to the Township's complaint raising a number *40 of defenses including the Township's lack of authority to maintain the action.
In opposition to the Order to Show Cause, defendants Kline, based upon the defenses asserted in their answer, contend that the within action should be dismissed in its entirety.
The threshold issue is whether the Township's adoption of a resolution as opposed to an ordinance precludes it from maintaining this action. The determination of this issue relies, in part, upon an interpretation of the Eminent Domain Act of 1971, N.J.S.A. 20:3-1 et seq., and several statutes which authorize the exercise of the power of eminent domain.
In short, defendants rely upon the Local Lands and Buildings Law, N.J.S.A. 40A:12-1 et seq., and assert that a municipality must pass an ordinance in order to acquire real property by condemnation. Defendants contend that since the Township acted pursuant to a resolution rather than an ordinance, it lacks statutory authority to maintain this action.
The Township argues that the Eminent Domain Act is the final and only authority governing the rules for condemnation. As such, the Act supplants other statutes, including sections of the Local Lands and Buildings Law which deal with condemnation. Since the Eminent Domain Act is silent as to whether a municipality must act pursuant to a resolution, ordinance or otherwise, the Township contends that it is free to authorize condemnations in any way it customarily exercised that authority in the past.
Although the power of eminent domain is the exclusive province of the Legislature, it may delegate the exercise of that right. N.J. Housing and Mortgage Finance Agency v. Moses, 215 N.J. Super. 318, 326, 521 A.2d 1307 (App.Div. 1987) citing Wes Outdoor Advertising Co. v. Goldberg, 55 N.J. 347, 351, 262 A.2d 199 (1970); State v. Lanza, 27 N.J. 516, 530, 143 A.2d 571 (1958), app. dism., 358 U.S. 333, 79 S.Ct. 351, 3 L.Ed.2d 350 (1959). The parties do not dispute that the Township has the *41 authority to condemn. Rather, they disagree as to the origin of the authority.
The following excerpt from County of Monmouth v. Wissell, 68 N.J. 35, 342 A.2d 199 (1975), briefly sets forth pertinent background behind the passage of the Eminent Domain Act:
An Eminent Domain Revision Commission was created in 1962 "to study and prepare a proposed revision or revisions of the statute governing eminent domain as set forth in R.S. 20:1-1 et seq. and other statutes relating to the taking of property for public use. .. ." L. 1962, c. 50. The Commission held hearings and on April 15, 1965 issued its report. It was on the basis of the recommendations in the report that the Eminent Domain Act of 1971 was drafted.
The Commission recommended a Statute creating a "uniform practice and procedure for the exercise of the power of eminent domain, equally applicable to all bodies vested with such power. ..." (emphasis added) [at 38-39; citation omitted].
It appears that the Eminent Domain Act was enacted to provide a uniform procedure for condemnations, as opposed to a blanket conferment of the power of eminent domain.
The precise language of the Eminent Domain Act indicates this intention. N.J.S.A. 20:3-6 sets forth the applicability of the Act:
Whenever any condemnor shall have determined to acquire property pursuant to law ... but cannot acquire title thereto or possession thereof by agreement with a prospective condemnee, ... the condemnation of such property ... shall be governed... by this act.... [emphasis added].
In order to trigger the provisions of the Act, a condemnor must be acting pursuant to law. In other words, the Legislature's conferment of the authority to condemn is a condition precedent to the institution of a condemnation proceeding pursuant to this Act.
Other provisions in the Eminent Domain Act are also consistent with the above construction. First, N.J.S.A. 20:3-8 governs the commencement of a condemnation action, and provides, in relevant part:
The action shall be instituted by the filing of a verified complaint ... and shall demand judgment that condemnor is duly vested with and has duly exercised its authority to acquire the property being condemned. ... [emphasis added].
*42 Second, N.J.S.A. 20:3-11 provides that "[w]hen the authority to condemn is denied, all further steps in the action shall be stayed until that issue has been finally determined."
Based upon the Report of the Eminent Domain Revision Commission, and the above-mentioned provisions of the statute, it is clear that the Eminent Domain Act of 1971 is not an enabling statute. Rather, the Act merely provides a uniform procedure to be followed by all entities who have the power to condemn. Thus, the authority for the municipality's power to condemn lies elsewhere.
The Local Lands and Buildings Law, N.J.S.A. 40A:12-1, et seq., provides that authority. This statute governs all municipalities and counties in New Jersey and regulates the manner in which they may buy, sell, lease or exchange real property. 34 New Jersey Practice, Local Government Law § 219, at 247 (Michael A. Pane).
N.J.S.A. 40A:12-4(a) expressly authorizes a county or municipality to acquire any interest in real property, including easements. However, N.J.S.A. 40A:12-5(a)(1) provides:
(a) Any county, by resolution, or any municipality, by ordinance, may provide for the acquisition of any real property, capital improvement, or personal property:
(1) By purchase, gift, devise, lease, exchange, or condemnation. [emphasis added]
Consequently, municipalities must acquire property pursuant to the introduction and adoption of an ordinance.
The Local Lands and Buildings Law is replete with references to an ordinance requirement for municipalities. Those sections governing the acquisition of land in anticipation of future needs[1]; acquisition of land in other states[2]; sale of real property[3]; leasing of lands[4]; exchange of lands[5]; and the *43 private sale to certain organizations for nominal consideration[6] all mandate or infer that a municipality, in order to comply with the statutory requirements must pass an ordinance.
In Township of Millburn v. Pitt, 68 N.J. 424, 346 A.2d 601 (1975), the New Jersey Supreme Court addressed the issue of whether an ordinance was required to convert real property pursuant to N.J.S.A. 40A:12-5(b). With regard to N.J.S.A. 40A:12-5, the Court stated that subsections (a) and (c) deal with the acquisition and disposal of real property, and "specifically require that municipal action take the form of an ordinance." Id. at 428, 346 A.2d 601.
This strict interpretation is further supported in 34 New Jersey Practice, Local Government Law § 220 at 248 (Michael A. Pane), wherein it is stated:
The acquisition of property must be by ordinance in the case of municipalities, including in those instances where the real property is a gift or devise to the municipality.
Pane cites N.J.S.A. 40A:12-5(a)(1) as the authority for this proposition.
The Township, in the alternative, argues that N.J.S.A. 40A:12-5(a) only makes reference to an ordinance if a municipality seeks to acquire real property, as distinguished from an interest in real property. The Township points out that this section does not expressly refer to the acquisition of an interest in real property and that the statute includes the specific language "any real property or any interest or estate therein" in four other sections but omits the language referring to an interest in real property from section 12-5. Therefore, according to the Township, section 12-5(a) does not apply because the Township is only seeking to acquire less than a fee simple interest, namely a cross access easement.
*44 This court does not agree with the Township's interpretation of the meaning of N.J.S.A. 40A:12-5(a). The definition of "real property" provided in N.J.S.A. 40A:12-2(g) is extremely broad and includes "the usual connotations of real property." Moreover, because N.J.S.A. 40A:12-5 spells out the means by which a municipality must acquire land by condemnation, the Legislature must have intended to enable the acquisition of less than fee simple. Acquisition of easements is a common practice of municipalities.
Based upon the above considerations, it is clear that the Local Lands and Buildings Law, N.J.S.A. 40A:12-1 et seq., is enabling legislation granting counties and municipalities the right to acquire real property by condemnation. Moreover, as stated above and recognized by the Supreme Court in Pitt, N.J.S.A. 40A:12-5(a) mandates that a municipality must adopt an ordinance in order to exercise the power of eminent domain. As such, this court will grant the Township's request to stay this action and will allow leave for the Township to act in accordance with this opinion. In light thereof, a ruling on the merits of defendants' remaining defenses is also stayed pending further action by the Township.
NOTES
[1] N.J.S.A. 40A:12-11.
[2] N.J.S.A. 40A:12-12.
[3] N.J.S.A. 40A:12-13.
[4] N.J.S.A. 40A:12-14(b), (c).
[5] N.J.S.A. 40A:12-16.
[6] N.J.S.A. 40A:12-21.