Accordingly, plaintiff's motion for summary judgment is granted.

740 A.2d 707

BOARD OF FIRE COMMISSIONERS, FIRE DISTRICT NO. 1, TOWNSHIP OF MILLSTONE, PLAINTIFF, v. MARK CASCELLA; JOYCE CASCELLA; AMERICA'S WHOLESALE LENDER; BENNY QUAGLIERINI; THERESA QUAGLIERINI; THE DIME SAVINGS BANK OF NEW YORK, FSB; PAUL SILVERMAN; CHEMICAL BANK; ELVIRA LYNN TOSTI; GIOVANNI TOSTI; AND FIRST NATIONAL BANK OF CHICAGO, DEFENDANTS.

Superior Court of New Jersey
Law Division
Monmouth County

Decided September 14, 1998.

*Joseph D. Youssouf*, for plaintiff.

*Michael R. Leckstein*, for defendants (*Marc A. Leckstein*, on the brief).

LAWSON, A.J.S.C.

Defendants have moved before this Court for summary judgment dismissing the condemnation complaint filed by plaintiff. The Court has considered all papers submitted by the parties and has heard oral argument in this matter. Pursuant to *R.* 1:7–4, the Court makes the following findings of fact and conclusions of law.

## I. *BACKGROUND*

This matter arises out of a complaint in condemnation filed by the plaintiff, the Board of Fire Commissioners. The plaintiff purchased a certain tract of land in a fourteen lot residential subdivision commonly known as "Pheasant Run," which is zoned residential. All of the lots in the subdivision are subject to a "Declaration of Easement and Restrictive and Protective Covenant" which provides, in relevant part: "In addition to all the covenants contained herein, the use of the subject lots is restricted to residential purposes ... No lot shall be used except for residential purposes." The land was purchased by the plaintiff for the purpose of erecting a firehouse substation on the property.

On March 26, 1997, Plaintiff, through an Order to Show Cause, commenced a condemnation proceeding under *N.J.S.A.* 20:3–1 to 50, which this Court granted. Plaintiff claims the "property" which plaintiff is trying to condemn is an incorporeal legal right rather than an actual parcel of land. Plaintiff is not seeking to take a parcel of land nor an easement across another's property; rather, the Board is seeking to relieve its property of the burden of the Declaration of Easement and Restrictive and Protective Covenant.

On April 11, 1997 the Declaration of Taking was filed, and on May 7, 1997 the Court entered an Order requiring Plaintiff to "[P]rovide notice to all residents of the Pheasant Run subdivision of the pending action ..." as a precondition to entry of an order appointing condemnation commissioners. The case was then placed on the inactive list by the Court pending the outcome of the

companion prerogative writ case entitled *Joyce L. Cascella, et. al. v. Millstone Development Co. Inc., et. al.,* Docket No. L–6278–95.

The substance of the companion case can be summarized as follows: an application by the Board of Fire Commissioners to Board of Adjustment of the Township of Millstone for a use variance resulted in the Board of Adjustment determination that the Board of Fire Commissioners is a public entity. In addition the plaintiff was not required to obtain any variance under the township zoning ordinance to construct and use a municipal fire substation on the property fronting on Baird Road. However on September 2, 1998, this Court held that the proceedings concerning the Board of Fire Commissioners before the Millstone Board of Adjustment were defective and in violation of the Open Public Meetings Act. *N.J.S.A.* 10:4–6 to 21. Further, this Court adjudged that the Board of Fire Commissioners, as a municipal public body, is not exempt from the Zoning Ordinance of the Township of Millstone, and the matter was remanded to the Board of Adjustment for further hearings under *N.J.S.A.* 40:55D–70(d).

## II. *CONCLUSIONS OF LAW*

### A. *Summary Judgment Standard*

The purpose of summary judgment is to provide a prompt and inexpensive means of deciding a case. *R.* 4:46 states the standard for granting summary judgment as "there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment as a matter of law."

A determination whether there exists a genuine issue of material fact that precludes summary judgment requires the trial judge to consider whether the evidence presented, when viewed in the light most favorable to the non-moving party, is sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the nonmoving party. *Brill v. Guardian Life Ins. Co. of America,* 142 *N.J.* 520, 540, 666 *A.*2d 146 (1995).

Most recently, the Appellate Division in *Nash v. Lerner*, 311 *N.J.Super.* 183, 186–87, 709 *A.*2d 799 (App.Div.1998), reiterated the New Jersey Supreme Court's articulation of the rule for determining if a genuine issue of fact exists by directing the judge to consider whether:

> the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational fact finder to resolve the alleged dispute in favor of the non-moving party ... If there exists a single, unavoidable resolution of the alleged disputed issue of fact, that issue should be considered insufficient to constitute a genuine issue of material fact for the purpose of *R.* 4:4–46 ... [W]hen the evidence "is so one-sided that one party must prevail as a matter of law" the trial court should not hesitate to grant summary judgment.
>
> *Brill, supra,* at 540, 666 *A.*2d 146 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 *U.S.* 242, 106 *S.Ct.* 2505, 91 *L.Ed.*2d 202 (1986)).

██ Yet, summary judgment is a procedure which requires careful consideration and due deliberation and should be granted with caution. *Friedman v. Friendly Ice Cream Co.*, 133 *N.J.Super.* 333, 336 *A.*2d 493 (App.Div.1975). But where the moving party demonstrates, by competent evidential material, that no genuine issue of fact exists, the Court should rule upon the party's motion for summary judgment as a matter of law.

## B. *Whether the Board of Fire Commissioners has the power of Condemnation*

██ The power of eminent domain must be specifically enumerated by the state Legislature. See Article IV § 6 ¶ 3 of the New State Constitutions, which states:

> 3. Any agency or political subdivision of the State or any agency of a political subdivision thereof, **which may be empowered** to take or otherwise acquire private property for any public highway, parkway, airport, place, improvement, or use, **may be authorized by law** to take or otherwise acquire a fee simple absolute or any less interest, and **may be authorized by law** to take or otherwise acquire a fee absolute in, easements upon, or the benefit of restrictions upon, abutting property to preserve and protect the public highway, parkway, airport, place improvement, or use; but such taking shall be with just compensation. (Emphasis added).

Thus, the state Constitution makes clear that the power of eminent domain is not automatic; rather, it must be granted by law through an affirmative act by the State legislature. *See State*

*v. Union County Park Commission, et. al.,* 89 *N.J.Super.* 202, 210, 214 *A.*2d 446 (Law Div.1965) (. . . under New Jersey law the power of eminent domain lies dormant until called into play by the legislature). "[T]he Legislature's conferment of the authority to condemn is a condition precedent to the institution of a condemnation proceeding." *Township of Hillsborough v. Robertson,* 260 *N.J.Super.* 37, 41, 614 *A.*2d 1374 (Law Div.1992). Defendants note that the legislature has specifically granted the power of eminent domain to certain public entities such as school boards (*N.J.S.A.* 18A:20–4.2(a)), local housing authorities (*N.J.S.A.* 55:14A–10), and several public utilities (N.J.S.A.48:3–17.6). Since 1975 approximately 188 fire districts have been created in New Jersey, and each has been operating under the assumption it possesses the same powers as the municipality, particularly with regard to the power of eminent domain.

No statute, however, specifically enumerates any condemnation power upon the plaintiff in this case. *N.J.S.A.* 40A:14–70, which creates the Board of Fire Commissioners, grants it the power to "**acquire,** hold, lease sell or otherwise convey . . . such real and personal property as the purposes of the corporation shall require." Plaintiff argues that the "Local Lands and Buildings Law" is the statute which vests municipalities with the power of eminent domain. *N.J.S.A.* 40A:12–1 to 38. However, *N.J.S.A.* 40A:14–70 states that **only** sales and leases shall be made in accordance with *N.J.S.A.* 40A:12–13 and 14 of the Local Lands and Buildings Law. (Emphasis added) These sections do not mention the acquisition of land. Acquire is defined under the Local Lands and Buildings Law to include "acquisition by gift, devise, purchase, exchange, grant, lease, **condemnation,** or installment purchase agreement unless otherwise indicated." *N.J.S.A.* 40A:12–2(a) (emphasis added). The Court accepts Defendant's argument that if the Legislature had intended for the Local Lands and Buildings Law to govern acquisition of property by the Commissioners, it would have specifically indicated as such, just as they indicated that Local Lands and Building Law should govern sales and leases.

■ The state Legislature has instead created a separate statute to govern the acquisition of property by plaintiff, Board of Fire Commissioners, under *N.J.S.A. 40A:14–85* which is entitled in part, "Acquisition of property and equipment for fire districts." Nowhere in this statute is the power of condemnation granted to the plaintiff. Thus, since the power of eminent domain was not specifically granted by the state Legislature to the Plaintiff in accordance with the requirements of the state Constitution, Plaintiff cannot exercise the power of condemnation.

Plaintiff argues that because this Court has deemed the Board of Fire Commissioners to be a municipal public entity, the Board should be seen as an "alter ego" of the municipality and share in all its powers where fire prevention is concerned. Plaintiff improperly relies on *State v. Union County Park Commission, supra,* to support this assertion. In summary, the *Park Commission* case involved condemnation proceedings instituted by the New Jersey State Highway Department against property owned by the Union County Park Commission. The Park Commission argued that the Highway Department lacked the power of Eminent Domain and the Highway Department countered that it holds the power of condemnation as the "alter ego" of the state. *Id.* at 209, 214 *A.2d* 446. Plaintiff attempts the "alter ego" analogy in the case at bar; however the comparison is flawed. In the *Park Commission* case, the State Highway Commission was deemed a branch of the Executive Department of the State Government; therefore, it "naturally follows that the State Highway Commissioner is the 'alter ego' of the State for the purposes of building highways—an executive function." *Id.* at 215, 214 *A.2d* 446. As an "alter ego" of the Sovereign, the State Highway Commissioner enjoys the inherent power of condemnation. In contrast, the Plaintiff in the case *sub judice,* is merely a municipal entity. Even if this Court were to agree, *in arguendo,* that the Board of Fire Commissioners is the *alter ego* of the municipality, that does not give the Board of Fire Commissioners the right of condemnation under *Park Commission. Park Commission* is distinguish-

able here, because clearly a municipality, unlike the State Government, does not have the inherent right of eminent domain.

The Court concurs with defendants' argument that the Board of Fire Commissioners are not left without a remedy. The Board can petition, in this case, the Township of Millstone, to institute condemnation proceedings on the Board's behalf to secure a fire house to satisfy the responsibility of providing fire safety.

*N.J.S.A.* 20:3–24 states that if a judgment is entered dismissing a declaration of taking ... the condemnor shall file and record the judgment and pay any damages sustained by the condemnee as a result of the action of the condemnor, and the expenses of the condemnee. *See Morris County v. 8 Court Street Ltd., et. al.,* 223 *N.J.Super.* 35, 537 *A.*2d 1325 (App.Div.1988) (dismissal of condemnation complaint was "final judgment" entitling defendants to reimbursement for their reasonable expenses).

### III. *CONCLUSION*

For the aforementioned reasons, because the Court finds that there is no genuine issue of material fact and the Plaintiff does not have legislative authority to initiate a condemnation action, its complaint should be dismissed and summary judgment in favor of Defendants is hereby ***GRANTED.*** Further, defendants are awarded reimbursement for reasonable expenses in accordance with *N.J.S.A.* 20:3–24 and *R.* 4:42–9.