128 N.J. Super. 307 (1974)
319 A.2d 790
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF,
v.
LEO MEISLER AND ESTHER B. MEISLER, DEFENDANTS, AND ROGER WILCO, INC., DEFENDANT.
Superior Court of New Jersey, Law Division.
February 5, 1974.
*308 Mr. Remo Croce for plaintiff State of New Jersey (Mr. George Kugler, Attorney General, attorney).
Mr. John B. Mariano for the defendants Meisler (Messrs. Wallace, Douglas and Mariano, attorneys).
DEVINE, J.S.C.
This is a condemnation action instituted by the State of New Jersey against Leo Meisler and Roger Wilco, Inc. Procedurally, defendant has moved to dismiss the condemnation proceeding due to a failure to comply with N.J.S.A. 20:3-6 or, in the alternative, to compel the State to produce the property appraisals currently in its possession. Plaintiff, by letter, notified defendant of its offer of $47,300. Plaintiff also advised defendant that said offer was calculated on a "cost" approach which breaks down as follows: $6,200, the value of all property in the *309 taking area, and $41,100 in damages to the remaining property outside the taking area. The statute in question in this case is N.J.S.A. 20:3-6, which provides in relevant part:
* * * that no action to condemn shall be instituted unless the condemnor is unable to acquire such title or possession through bona fide negotiations with the prospective condemnee, which negotiations shall include an offer in writing by the condemnor to the prospective condemnee holding the title of record to the property being condemned, setting forth the property and interest therein to be acquired, the compensation offered to be paid and a reasonable disclosure of the manner in which the amount of such offered compensation has been calculated and such other matters as may be required by the rules. [Emphasis supplied]
The appropriate court rule alluded to in the above quote is R. 4:73-1, which provides that "The complaint shall include a statement showing the amount of compensation offered by the condemnor and a reasonable disclosure of the manner in which the amount has been calculated."
Defendant condemnee takes the position that in the instant case a "reasonable disclosure" as required by the statute includes the submission of plaintiff's written appraisals on the property to defendant Meisler. It is the contention of the State that under the applicable statute and court rule a "reasonable disclosure" encompasses only the submission of the manner in which the calculations, leading to the appraisal, were made, and not the actual calculations. Thus, it appears that the sole issue for determination by this court is an interpretation of the "reasonable disclosure" provision of N.J.S.A. 20:3-6.
Any interpretation of a statute must begin with an examination of its precise wording. N.J.S.A. 20:3-6 provides for a "reasonable disclosure of the manner in which the amount of such offered compensation had been calculated." It must be noted that the Legislature provided only that the manner of the calculation be disclosed and not the calculation itself. Defendant's position that the written appraisals must be disclosed is a departure from the precise statutory *310 language. In support of this expanded reading of the statute the defendant cites the Report of Eminent Domain Revision Committee, written in connection with the passage of this legislation. A relevant portion of that report is as follows:
2. Negotiations for Acquisition. To foster amicable adjustments and thereby reduce litigation, the statute shall require that before proceedings are instituted, the condemning body shall conduct bona fide negotiations with the owners, through fair offers of compensation, including a reasonable disclosure of the manner of arriving at the offer. [at 7]
The above quotation indicates that the philosophy of the committee in proposing this statute was to encourage settlements in condemnations proceedings. However, this court fails to find any reason why this philosophy should be implemented by an expansion of the statutory language to include the production of written appraisals, when the Legislature could have, but failed to, specifically provide the condemnee with this discovery tool.
It is the opinion of this court that the reasonable disclosure requirement of N.J.S.A. 20:3-6 does not require the production of written appraisals of the property to be condemned. This recognizes the intent of the Legislature to foster amicable adjustments and, at the same time, recognizes that the production of the appraisals before the hearing would encourage debate as to their validity and unduly prolong the litigation. The parties should, of course, negotiate in good faith: that is mandated by the statute. But disputes as to the accuracy of an appraiser's report should await the hearing before the commissioners.
The court rules supplement the statutory procedures for condemnation outlined by the Eminent Domain Act, N.J.S.A. 20:3-1 et seq. However, these rules also provide no authority for defendant's position that they are entitled to view the written appraisals. The text of R. 4:73-1 merely iterates the language of the statute with respect to a "reasonable disclosure of the manner in which the amount was calculated." The commentator's notes to that rule state:
*311 * * * The manner of calculation is a rather vague standard, but should be construed as requiring, at least, a breakdown between land and improvements, if any; any allocation made for damages to the remainder if less than an entire parcel is taken; and a specification of the appraisal method or methods, i.e. comparable sales, reproduction less depreciation, or capitilization of income. [Rules Governing the Courts of the State of New Jersey. (Gann Law Books 1973 ed. at 731)]
In the present case the State had provided defendant with a breakdown and the method of calculation used in making the offer. It is my opinion that the State has fully complied with the court rules as interpreted by the commentator's notes.
In addition, the Eminent Domain Act is silent as to the exchange of appraisals, and the court rules provide that ordinary discovery is not applicable; taken together, these factors indicate that neither the Legislature, nor the Supreme Court in the promulgation of the court rules, intended that appraisals be available before trial. This conclusion is further buttressed by the fact that in one area, the exchange of comparables under N.J.S.A. 20:3-12(d), the Legislature provided for their exchange prior to the hearing. Such an omission by the Legislature in the area of appraisals must be taken as intentional.
Finally, defendant argues that the withholding of the written appraisals violates the intent of the Legislature to have "each party lay their cards on the table." It is the opinion of this court that the philosophy of the Eminent Domain Act is to encourage both parties to engage in bona fide negotiations and thereby reduce litigation. However, in view of the precise wording of the statute and the court rules, it is my feeling that plaintiff's failure to provide written appraisals violates neither the statute, the court rules, nor the intent of the Legislature. Accordingly, defendant's motion to dismiss the complaint or in the alternative to compel production of the appraisals is denied.