210 N.J. Super. 568 (1985)
510 A.2d 278
STATE OF NEW JERSEY BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF-APPELLANT,
v.
H. EDWARD HANCOCK, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1985.
Decided December 31, 1985.
Before Judges KING, O'BRIEN and SCALERA.
Richard L. Rudin, Deputy Attorney General, argued the cause for appellant (Irwin I. Kimmelman, Attorney General of New Jersey, attorney; John J. Franzini, Deputy Attorney General, on the letter brief).
*569 S. David Brandt argued the cause for respondents (Brandt, Haughey, Penberthy, Lewis & Hyland, attorneys; Kathy L. Bress, on the brief).
The opinion of the court was delivered by KING, P.J.A.D.
We granted leave to appeal to review Judge Haines order denying appointment of condemnation commissioners on August 8, 1985. See R. 2:2-4. 208 N.J. Super. 737. We now affirm for the reasons given by him in his written opinion filed in the Law Division. By this affirmance we note that we disapprove of the opinions of the Law Division in State v. Rowland, 183 N.J. Super. 558 (Law Div. 1982), and State v. Meisler, 128 N.J. Super. 307 (Law Div. 1974), and approve of Judge Haines' opinion in State v. Siris, 191 N.J. Super. 261 (Law Div. 1983). We also note that we are aware of the recent rule amendment to R. 4:73-1[1] adopted by the Supreme Court, effective January 2, 1986. The rule amendment adopts very broad disclosure requirements upon filing the complaint by the *570 State but does not deal with prelitigation statutory disclosure requirements. In the field of condemnation, "government has an overriding obligation to deal forthrightly and fairly with property owners." F.M.C. Stores, Co. v. Borough of Morris Plains, 100 N.J. 418, 426 (1985).
Affirmed.
NOTES
[1] R. 4:73-1 Complaint

An action in condemnation shall be brought in the Superior Court in a summary manner pursuant to R. 4:67. The complaint shall include a statement showing the amount of compensation offered by the condemnor and a reasonable disclosure of the manner in which the amount has been calculated. Unless the court for good cause orders otherwise, reasonable disclosure by the condemnor shall include furnishing the condemnee with the map and description of land to be acquired and identity of improvements to be acquired, if any; a statement of the full fair market value including a description of the appraisal valuation method or methods relied upon as well as a breakdown of the appraised value allocated to the land to be acquired, and improvements to be acquired, if any; and data concerning comparable sales or leases relied upon in determining the amount of compensation offered which shall include names of seller and purchaser or landlord and tenant, location of property by block, lot, street, street number, and municipality, date of sale or date and duration of lease, the consideration for the sale or amount of rent, and book and page number of the recording of the deed; and any unusual factors known to the condemnor which may affect value. [Amendatory language underlined].