223 N.J. Super. 35 (1988)
537 A.2d 1325
COUNTY OF MORRIS, PLAINTIFF-APPELLANT-CROSS-RESPONDENT,
v.
8 COURT STREET LIMITED, A NEW JERSEY PARTNERSHIP, AND RICHARD J. TRAYNOR, PARTNER, DEFENDANTS-RESPONDENTS-CROSS-APPELLANTS, AND PETER A. BENZ, PARTNER, THE TOWN OF MORRISTOWN, THE VILLAGE BANK OF NEW JERSEY, A CORPORATION OF THE STATE OF NEW JERSEY, FLAT IRON LAND COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, JERSEY CENTRAL POWER AND LIGHT CO., A CORPORATION OF THE STATE OF NEW JERSEY, AND MORRIS COUNTY SAVINGS BANK, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued January 12, 1988.
Decided February 18, 1988.
*36 Before Judges ANTELL, DEIGHAN and LANDAU.
Herbert M. Strulowitz, Assistant County Counsel, argued the cause for appellant-cross-respondent (Armand L. D'Agostino, Morris County Counsel, attorney, Herbert M. Strulowitz, on the brief).
Edward P. Deutsch argued the cause for respondents-cross appellants 8 Court Street Ltd. and Richard J. Traynor (McElroy, *37 Deutsch & Mulvaney, attorneys, Edward P. Deutsch, of counsel, Fred A. Manley, Jr., on the brief).
Respondent Town of Morristown has filed a letter of nonparticipation.
Respondent National State Bank, as successor in interest of respondent Village Bank, has filed a letter of nonparticipation.
No other respondent has filed a brief in this proceeding.
The opinion of the court was delivered by ANTELL, P.J.A.D.
Plaintiff appeals from an order dismissing its condemnation proceeding against defendants, owners of a parcel of improved real estate in Morristown. The action was dismissed for plaintiff's failure to comply with the following provision of the Eminent Domain Act:
... no action to condemn shall be instituted unless the condemnor is unable to acquire such title or possession through bona fide negotiations with the prospective condemnee, which negotiations shall include an offer in writing by the condemnor to the prospective condemnee holding the title of record to the property being condemned, setting forth the property and interest therein to be acquired, the compensation offered to be paid and a reasonable disclosure of the manner in which the amount of such offered compensation has been calculated, and such other matters as may be required by the rules. [N.J.S.A. 20:3-6; emphasis supplied].
In concluding that plaintiff had failed to negotiate in good faith the trial court found that defendants were never furnished with a copy of either of the two appraisals during negotiations and were never advised of the manner in which the original offered amount was calculated. We affirm substantially for the reasons stated by the Law Division in its oral opinion of December 8, 1986. See State v. Hancock, 208 N.J. Super. 737 (Law Div. 1985), aff'd o.b. 210 N.J. Super. 568 (App.Div. 1985). See also, N.J. Housing & Mtg. Fin. Agency v. Moses, 215 N.J.Super, 318, 329 (App.Div. 1987), certif. den. 107 N.J. 638 (1987).
Defendants cross-appeal from an order dated March 5, 1987 denying their application for expenses incurred in defending *38 the proceeding, relying upon the following two provisions of the Eminent Domain Act.
If, after the filing of a declaration of taking, a judgment shall be entered dismissing the action, title to and possession of the property shall revest in the condemnee, subject to the same right, title, interest and liens as existed as of the date of the filing of the declaration of taking. In such event, condemnor shall file and record the judgment and pay any damages sustained by the condemnee as a result of the action of the condemnor, and the expenses of the condemnee. [N.J.S.A. 20:3-24].
If the court renders final judgment that the condemnor cannot acquire the real property by condemnation or, if the condemnation action is abandoned by the condemnor, then the court shall award the owner of any right, or title to, or interest in such real property ... such sum as will reimburse such owner for his reasonable costs, disbursements and expenses actually incurred, including reasonable attorney, appraisal, and engineering fees. [N.J.S.A. 20:3-26(b)].
Plaintiff filed its declaration of taking with the court on September 4, 1986 and the suit was dismissed by order dated December 18, 1986.
The court gave as its reason for denying the application the fact that it did not regard its order of dismissal as a "final judgment" within the meaning of the statute. It expressed its intent that the dismissal should be "without prejudice" and that plaintiff was to be free to institute a new condemnation action after it satisfied its obligation to attempt to acquire the property through bona fide negotiations. We note, parenthetically, that although the court clearly expressed its intention during the hearing that the dismissal should be without prejudice to the bringing of a new action, this is nowhere stated in the order of dismissal. R. 4:37-2(d) provides that an order of dismissal which does not otherwise specify "operates as an adjudication on the merits." On the premise that the order imperfectly expressed the intention of the court, we are nevertheless of the view that it was a "final judgment" within the meaning of N.J.S.A. 20:3-26(b), and a "judgment ... dismissing the action ..." within the meaning of N.J.S.A. 20:3-24 so as to entitle defendants to reimbursement for their reasonable expenses. Indeed, even plaintiff's notice of appeal states that the appeal is being taken from a "judgment" of the Law Division which *39 disposed of "all issues as to all parties," thereby satisfying the requirement for an appeal of right that it be from a "final judgment." R. 2:2-3(a)(1).
The judgment of dismissal unambiguously comes within the statutory language mandating reimbursement of expenses and there is no room for construction. The fact that it was intended to allow for the bringing of another action does not assure that an action will ever be brought in which plaintiff will demonstrate its right to condemn this property. Further, it does not alter the facts that it dismisses the present action (N.J.S.A. 20:3-24) and constitutes an unequivocal adjudication upon the record presented that "the condemnor cannot acquire the real property by condemnation" (N.J.S.A. 20:3-26(b)).
Contrary to the trial court's belief, the dismissal was not based on a "technicality." The purpose of the statutory provision precluding the institution of a condemnation action in the absence of prior bona fide negotiations is to encourage public entities to acquire property without litigation, thereby saving both the entity and the condemnee the expense and delay of litigating, and permitting the land owner to receive and keep the full compensation due him. Rockaway v. Donofrio, 186 N.J. Super. 344, 353-354 (App.Div. 1982). We have read the statute to mean that condemnees must be assured that the government is treating them with absolute candor and fairness and that such an assurance can only be given where there is full disclosure during negotiations of all the information upon which the government relies in making its offer. State v. Hancock, 208 N.J. Super. at 738. A legislated mandate which aims at maintaining standards of integrity and fair dealing in the affairs of government is a matter, not of form, but of high moral principle for violation of which redress should be liberally given.
On the main appeal, the order of dismissal dated December 18, 1986 is affirmed. On the cross-appeal, the order of March 5, 1987 is reversed and the matter is remanded to the Law *40 Division for a determination as to the amount of reimbursement to which defendants are entitled.