589 A.2d 190

STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANS-
PORTATION, PLAINTIFF–APPELLANT, v. AUGUSTINE TES-
TA AND DOROTHY B. TESTA, DEFENDANTS–RESPON-
DENTS, AND NEW JERSEY NATIONAL BANK, A NATIONAL
BANKING ASSOCIATION; COMMERCE BANK, N.A., A NA-
TIONAL BANKING ASSOCIATION; FRANK DEMURO, D/B/A
PRINCETON TELE COMMUNICATIONS; JOHN PETZITELLO,
D/B/A BIG JOHN'S RESTAURANT; STATE OF NEW JERSEY;
TOWNSHIP OF CHERRY HILL, IN THE COUNTY OF CAM-
DEN, A MUNICIPAL CORPORATION OF NEW JERSEY, DE-
FENDANTS.

Superior Court of New Jersey
Appellate Division

Argued March 6, 1991—Decided April 17, 1991.

Before Judges GAULKIN, SHEBELL and SKILLMAN.

*George P. Ljutich,* Deputy Attorney General, argued the cause for appellant (*Robert J. Del Tufo,* Attorney General, attorney, *Michael R. Clancy,* Assistant Attorney General, of counsel, *George P. Ljutich,* on the brief and the reply brief).

*Eileen K. Fahey* argued the cause for respondents (*Brandt, Haughey, Penberthy, Lewis & Hyland,* attorneys, *Patrick F. McAndrew,* on the brief).

The opinion of the court was delivered by

SHEBELL, J.A.D.

This appeal raises anew the issue of the extent of disclosure required by *N.J.S.A.* 20:3-6, which directs that the condemning authority, prior to instituting an action to condemn, engage in bona fide negotiations with the property owner, including "an offer in writing ... setting forth ... the compensation offered to be paid and *a reasonable disclosure of the manner in which the amount of such offered compensation has been calculated....*" (Emphasis added). The State maintains that "*N.J. S.A.* 20:3-6 does not require disclosure during prelitigation negotiations of appraisal reports which are not approved by a condemnor nor relied upon in arriving at the offer of compensation."

The State urges that we reject the holding of the Law Division in *State, by the Comm'r of Transp. v. D'Onofrio,* 235 *N.J.Super.* 348, 562 *A.*2d 267 (Law Div.1989), from which the State did not then appeal. *D'Onofrio* held that the reasonable disclosure aspect of bona fide negotiations under *N.J.S.A.* 20:3-6 requires a condemnor to provide a prospective condemnee with all appraisals obtained as part of the process in making its offer to purchase the property. *Id.* at 355, 562 *A.*2d 267. The State asserts that it did not appeal from the *D'Onofrio* decision because the condemnee did not seek dismissal and the State needed immediate possession of the property in order to proceed with a multimillion dollar highway improvement project.

In the present case, the Department of Transportation (Department), prior to filing its complaint in condemnation, retained two appraisers to determine the value of the .592 acre parcel to be taken and to assess any damages to the remainder of the property. The Department acknowledges that it "subsequently received appraisals from both men and approved the appraisal of John Borden as its estimate of just compensation." The Department negotiators then met with the property owners and presented them with a copy of the Borden appraisal plus an offer equal to that appraised value of the taking and damages in the amount of $511,000.

Negotiations were not successful; therefore, a complaint in condemnation was filed. An order to show cause for possession and appointment of commissioners was issued; however, the property owners obtained an adjournment of the return date and moved to dismiss the State's complaint on the ground, among others, that the State did not engage in *bona fide* negotiations pursuant to *N.J.S.A.* 20:3–6 in that it failed to provide the owners with a copy of the appraisal report of Harry Renwick, an appraisal upon which the State contends it did not base its offer of compensation.

The Law Division judge, by order of July 5, 1990, directed the State to provide the property owner with the Renwick appraisal within twenty days or face dismissal of the condemnation complaint. On August 1, 1990, the property owners supplied an affidavit verifying that the State had not supplied a copy of the appraisal; whereupon, the court entered an order dismissing the State's complaint. We affirm.

In this appeal the State raises no meaningful arguments that were not previously presented to the Law Division in *D'Onofrio*, 235 *N.J.Super.* at 348, 562 *A.*2d 267. Judge Serpentelli, in *D'Onofrio*, fully explored the various arguments pro and con on this issue in light of the relevant statutory authority and case law. He appropriately and articulately disposed of the State's arguments against disclosure and concluded "that the

reasonable disclosure aspect of bona fide negotiations requires the condemnor to provide the prospective condemnee with all appraisals in its possession which have been obtained for the purposes of making its condemnation offer." *Id.* at 355, 562 *A.*2d 267.

We are persuaded that fair dealing by the State requires disclosure of all appraisals of the subject property undertaken pursuant to the Eminent Domain Act, *N.J.S.A.* 20:1–1 to –36. Significantly, the Act requires notice of appraisals and provides that "the owners shall be given an opportunity to accompany the appraiser during inspection of the property." *N.J.S.A.* 20:3–6. It would ill-serve the appearance of fair dealing if the landowners were then told they could not have pre-negotiation access to the report of an appraiser that they had accompanied on an inspection of their property.

The Legislature has expressly mandated that the condemnor undertake *bona fide* negotiations with the property owner and that the State's offer may not be less than its "approved appraisal." *Id.* We are satisfied it intended that the State's offer reflect the State's good faith estimate of the full fair market value of the taking. *See N.J.S.A.* 20:3–6; *R.* 4:73–1. Thus, we are convinced that the statutory mandate of "reasonable disclosure of the manner in which the amount of such offered compensation has been calculated" logically includes turnover of all appraisals as we are unable to perceive how the State's calculation of the compensation to be offered would not of necessity include consideration of all appraisals which it had obtained in an effort to arrive at its good faith determination of full fair market value.

We are mindful, as the Supreme Court noted in its recent decision of *State, by Comm'r of Transp. v. Carroll,* 123 *N.J.* 308, 587 *A.*2d 260 (1991), that reasonable disclosure under *N.J.S.A.* 20:3–6 "would ordinarily not be as extensive as discovery during litigation." *Carroll,* 123 *N.J.* at 320, 587 *A.*2d 260; *see also R.* 4:10–2(d)(3) and *R.* 4:73–11. This State, how-

ever, has adopted a one-figure valuation procedure and has as its objective "prevent[ing] the State from making low offers to gain a bargaining advantage, forcing owners into adversarial positions in order to secure the full market values of their properties." *Carroll,* 123 *N.J.* at 318, 587 *A.*2d 260; *see also N.J.A.C.* 16:5–2.1(d). "Indeed, the whole thrust of the eminent-domain process is that the State should operate differently from an open-market, arms-length buyer." *Carroll,* 123 *N.J.* at 319, 587 *A.*2d 260 (citing *State, by Comm'r of Transp. v. Siris,* 191 *N.J.Super.* 261, 266–67, 466 *A.*2d 96 (Law Div.1983)). It is in furtherance of this policy that we conclude that "reasonable disclosure" must include the report of an appraiser engaged by the State even if the State does not intend to call the appraiser as an expert. The issue is quite different from that involved with disclosure during litigation.

We find no compelling reason to reverse the trend of recent decisions regarding fair dealing and liberal disclosure in pre-complaint negotiations. This trend flows from the premise that the public interest is better served by providing the prospective condemnee with access to appraisals obtained by the State so that the property owner may feel confident that the condemning authority is acting in good faith and not abusing its awesome power of condemnation. *See State, by Comm'r of Transp. v. Town of Morristown,* 246 *N.J.Super.* 156, 586 *A.*2d 1342 (App.Div.1991) (when requested, disclosure of appraisals will be compelled by court order when information is found relevant); *Morris County v. 8 Court Street Ltd.,* 223 *N.J.Super.* 35, 537 *A.*2d 1325 (App.Div.), *certif. denied,* 111 *N.J.* 572, 546 *A.*2d 500 (1988) (complaint dismissed for failure to furnish appraisals or information as to manner of calculations during negotiations); *State, by Comm'r of Transp. v. Hancock,* 208 *N.J.Super.* 737, 506 *A.*2d 855 (Law Div.), *aff'd,* 210 *N.J.Super.* 568, 510 *A.*2d 278 (App.Div.1985) (adjustments made by the State's appraiser to be provided to the condemnee); *State, by Comm'r of Transp. v. Siris,* 191 *N.J.Super.* at 261, 466 *A.*2d 96 (dicta requiring complete appraisal information during pre-litigation negotiations).

We affirm the order of August 1, 1990 dismissing the complaint.