**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3514-22

RAY CAPRIO, On behalf of
himself and all others similarly
situated,

     Plaintiff-Appellant,

v.

MERCANTILE ADJUSTMENT
BUREAU, LLC,

     Defendant-Respondent.

_____

Submitted November 13, 2024 – Decided December 2, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0490-23.

Jones, Wolf & Kapasi, LLC, attorneys for appellant (Bejamin J. Wolf and Joseph K. Jones, on the briefs).

Sean M. O'Brien (Lippes Mathias LLP), attorney for respondent.

PER CURIAM

Plaintiff Ray Caprio, on behalf of himself and all others similarly situated, appeals from the July 17, 2023 Law Division order, which granted defendant Mercantile Adjustment Bureau, LLC's Rule 4:6-2(e) motion to dismiss plaintiff's complaint alleging violations of the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to -18, for failing to state a claim. We affirm.

I.

We review the facts asserted in plaintiff's complaint as true and accord "the benefit of every reasonable inference." Pace v. Hamilton Cove, 258 N.J. 82, 96 (2024). Plaintiff obtained a personal credit card from Nordstrom department store. He incurred a financial debt from purchasing items with his credit card and had an obligation to remit payment to TD Bank U.S., N.A. Nordstrom Card Services (TD Bank).

TD Bank referred the debt to defendant for collection. At the time of the referral, plaintiff had defaulted on his financial payment obligation to TD Bank. Defendant sent plaintiff a letter dated October 18, 2022, which asserted it was "a debt collector." On the top right side of the letter, defendant stated, "Your [s]tore [c]ard [w]ith: N[ordstrom] C[ard] S[ervices]" and identified the

"[c]reditor" as TD Bank. Additionally, defendant's letter provided plaintiff's "account number . . . ****1023" and reference number. In the body of the letter, defendant asserted it was "trying to collect a debt serviced by [Nordstrom Card Services]." The letter included the exact amount plaintiff owed on the debt. Defendant also included its contact information and instructions for how plaintiff could dispute the debt.

Upon receipt, plaintiff read the letter. Plaintiff alleged the letter "caused [him] to be confused" as a consumer. He acknowledged incurring the "TD Bank obligation in connection with" his Nordstrom credit card.

Plaintiff, on behalf of himself and others similarly situated, filed a class action complaint on March 17, 2023 against defendant. His complaint alleged claims for: declaratory judgment; FDCPA violations; and TCCWNA violations. Defendant moved to dismiss plaintiff's complaint for failing to state a claim upon which relief can be granted.

On July 17, after hearing argument, the trial court issued an order granting defendant's motion to dismiss plaintiff's complaint accompanied by a cogent

A-3514-22

written decision.[1] The court found plaintiff failed to state a cause of action under the FDCPA because the letter "clearly set forth . . . to whom the debt was owed." Further, the court determined defendant's statement in the letter regarding the "servicer of the loan d[id] not materially alter the interpretation of the [l]etter," and the complaint failed to sufficiently state a claim supporting that "the least sophisticated consumer would be objectively deceived or misle[d] by the inclusion of the servicer." Concerning plaintiff's TCCWNA claim, the court noted plaintiff argued "informational hardship," but it held "the least sophisticated consumer would not have been misled by the [l]etter as to who was the creditor to whom the debt was owed. As such, there is no harm pled, and therefore [p]laintiff cannot be an aggrieved consumer."

On appeal, plaintiff contends the court dismissed his complaint in error because he sufficiently pleaded: plausible and valid claims under the FDCPA and TCCWNA upon which relief may be granted; that defendant utilized a debt collection letter that failed to identify the current creditor to whom the debt was

_____

[1] We note the court's July 17 order does not indicate the dismissal was with prejudice, but states dismissed "in its entirety." Further, plaintiff's case information statement filed pursuant to Rule 2:5-1(3) indicates the appeal is as of right. See R. 2:2-3(a). We therefore deem the court's July order modified to reflect a dismissal with prejudice. See County of Morris v. 8 Ct. St. Ltd., 223 N.J. Super. 35, 38-39 (App. Div. 1988) (holding a dismissal without prejudice may operate as a final judgment).

4                                                                                    A-3514-22

owed in violation of the FDCPA and 12 C.F.R. § 1006.34(c)(2)(v) of Regulation F; and the collection letter contained false, misleading, and deceptive representations about the servicing of the debt.

II.

We review de novo a trial court's order dismissing a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021). We "search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary." AC Ocean Walk, LLC v. Am. Guar. & Liab. Ins. Co., 256 N.J. 294, 311 (2024) (alteration in original) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "When deciding a motion to dismiss under Rule 4:6-2(e), the test to determine 'the adequacy of a pleading' is 'whether a cause of action is "suggested" by the facts.'" Doe v. Est. of C.V.O., 477 N.J. Super. 42, 54 (App. Div. 2023) (quoting MasTec Renewables Constr. Co. v. SunLight Gen. Mercer Solar, LLC, 462 N.J. Super. 297, 309 (App. Div. 2020)), certif. denied, 257 N.J. 259 (2024).

"In evaluating motions to dismiss, courts consider 'allegations in the complaint, exhibits attached to the complaint, matters of public record, and

5

documents that form the basis of a claim.'" AC Ocean Walk, LLC, 256 N.J. at 310-11 (quoting Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015)). "[W]e assume that the allegations in the pleadings are true and afford the [pleading party] all reasonable inferences." Johnson v. City of Hoboken, 476 N.J. Super. 361, 371 (App. Div. 2023) (quoting Sparroween, LLC v. Township of W. Caldwell, 452 N.J. Super. 329, 339 (App. Div. 2017)). "Nonetheless, 'the essential facts supporting plaintiff's cause of action must be presented in order for the claim to survive; conclusory allegations are insufficient in that regard.'" AC Ocean Walk, LLC, 256 N.J. at 311 (quoting Scheidt v. DRS Techs., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012)). "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Strickland v. Foulke Mgmt. Corp., 475 N.J. Super. 27, 38 (App. Div. 2023) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

A.

We first address plaintiff's claims under the FDCPA. The purpose of the FDCPA was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote

6

A-3514-22

consistent State action to protect consumers against debt collection abuses."

Hodges v. Sasil Corp., 189 N.J. 210, 222 (2007) (quoting 15 U.S.C. § 1692(e)).

To prevail on a FDCPA claim, a debtor must establish: "'(1) []he is a consumer, (2) the . . . [defendant] is a debt collector, (3) the . . . challenged practice involves an attempt to collect a "debt" as the Act defines it, and (4) the [collector] has violated a provision of the FDCPA in attempting to collect the debt.'" Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (last alteration in original) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)).

Pursuant to 15 U.S.C. § 1692a(3), "the term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." The FDCPA requires a debt collector to inform a consumer by written notice of "the amount of the debt"; "the name of the creditor to whom the debt is owed"; and how to "obtain verification of the debt or a copy of a judgment against the consumer" so a creditor can dispute the debt. 15 U.S.C. § 1692g(a)(1)-(2), (4). Further, the FDCPA mandates debt collectors send consumers collection letters, otherwise referred to as "validation notices," which "disclose information about the debt that helps consumers identify the debt and facilitates resolution of the debt."

A-3514-22

Debt Collection Practices (Regulation F), 86 Fed. Reg. 5766, 5801 (Jan. 19, 2021) (codified at 12 C.F.R. § 1006).

Pursuant to the FDCPA, the Bureau of Consumer Financial Protection (CFPB) is authorized to "prescribe rules with respect to the collection of debts by debt collectors." 15 U.S.C. § 1692l(d). The CFPB issued "Regulation F" to "carr[y] out the purposes of the FDCPA." 12 C.F.R. § 1006.1. Regulation F recognizes that under the FDCPA, a "debt collector must provide a consumer with . . . validation information" and included a model form for validation notice—Model Form B-1. 12 C.F.R. § 1006.34(a)(1); see also 12 C.F.R. § 1006 app. B. Additionally, Regulation F provides a debt collector may obtain safe harbor if Model Form B-1 is used. See 12 C.F.R. § 1006.34(d)(2)(i). A debt collector may also "retain . . . a safe harbor for compliance . . . [if] the form remains substantially similar to Model Form B-1." 12 C.F.R. § 1006.34(d)(2)(iii).

"Courts routinely employ a 'least sophisticated debtor' standard when deciding if debt collection violates the FDCPA." Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)). "This standard is lower than the standard of a reasonable debtor." Rosenau, 539 F.3d at 221. While the least sophisticated

debtor "standard is a low standard, it 'prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness and presuming a basic level of understanding and willingness to read with care.'" Ibid. (quoting Wilson v. Quadramed Corp., 225 F.3d 350, 354-55 (3d Cir. 2000)). In examining a debt collector's letter under the FDCPA, courts examine whether the "communication to a debtor would deceive or mislead the least sophisticated debtor." Jensen, 791 F.3d at 420 (citing McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 246 (3d Cir. 2014)). The intent of the "debt validation provisions of section 1692g" of the FDCPA is to ensure that consumers receive "adequate notice of their rights" and sufficient information regarding their debt. Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142, 148 (3d Cir. 2013) (quoting Wilson, 225 F.3d at 354). "There is no prohibition against a creditor seeking the voluntary repayment of a debt." Midland Funding LLC, 446 N.J. Super. at 549.

Plaintiff contends defendant's letter violated the FDCPA, 15 U.S.C. § 1692(a)(2), because the letter did not identify the name of the creditor. This argument is without merit. Defendant's letter specifically provided in the right-hand corner that the "creditor" was "TD Bank." The letter also identified, "Your store card [w]ith: N[ordstrom] C[ard] S[ervices]." Plaintiff's complaint

acknowledges "[he] allegedly incurred a financial obligation to TD B[ank] USA, N.A. – N[ordstrom] C[ard] S[ervices] . . . . in connection with a personal store brand credit card account." We discern no error in the court's finding that plaintiff's complaint failed to state a claim under 15 U.S.C. § 1692a(2) because defendant's letter specified the creditor was TD Bank.

Further, plaintiff's argument that defendant was required to qualify in the letter that TD Bank was the "current" creditor is unsupported. Defendant clearly and effectively disclosed TD Bank in the letter. Defendant complied with the FDCPA by providing the accurate name of "the creditor to whom the debt [wa]s owed." 15 U.S.C. § 1692g(a)(2). Defendant's letter also contained the "validation information," including "the name of the creditor to whom the debt currently is owed" in compliance with the CFPB's explanatory rule. 12 C.F.R. § 1006.34(c)(2)(v). Therefore, we concur with the court that plaintiff failed to sufficiently aver facts in his complaint supporting claims that defendant's letter did not identify the creditor and was required under the FDCPA to use the word current.

We also reject plaintiff's contention that the court erred in dismissing the FDCPA claims under 15 U.S.C. § 1692g(e) and e(10). Plaintiff posits his complaint sufficiently stated a violation because defendant's letter referenced

10

"trying to collect a debt serviced by" Nordstrom Card Services, and he was "confused" by the allegedly false and misleading information. We disagree, as defendant's letter stated: the creditor, the amount of the debt, and that defendant was attempting to collect the debt. Plaintiff acknowledged having a Nordstrom store-branded credit card, on which he "incurred a financial obligation." Plaintiff has not sufficiently or materially posited a modicum of confusion caused by the letter's additional indication that defendant was trying to collect a debt serviced by Nordstrom Card Services.

Merely stating that a cause of action exists is insufficient because "if the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Pace, 258 N.J. at 96 (quoting Dimitrakopoulos v. Borrus, Goldin, Foley, Hyman & Stahl, P.C., 237 N.J. 91, 107 (2019)). Viewed through the lens of the least sophisticated consumer, the complaint fails to state a claim that the additional language was a misleading representation that affected his "decision making process." We conclude, after providing all reasonable inferences in favor of plaintiff, that a fair read of plaintiff's complaint and defendant's letter offers no facts supporting that defendant, under the least sophisticated debtor standard, failed to identify the creditor and "use[d] any false, deceptive, or misleading representation." 15

11

U.S.C. § 1692g(e). Thus, we discern no reason to disturb the court's dismissal of plaintiff's FDCPA claims.

B.

We turn next to address plaintiff's TCCWNA violation contentions. "The Legislature enacted the TCCWNA 'to prevent deceptive practices in consumer contracts.'" Pisack v. B & C Towing, Inc., 240 N.J. 360, 379 (2020) (quoting Dugan v. TGI Fridays, Inc., 231 N.J. 24, 68 (2017)); see also Spade v. Select Comfort Co., 232 N.J. 504, 515 (2018).

To prevail on a TCCWNA claim, a plaintiff must prove four elements:

> [F]irst, that the defendant was a "seller, lessor, creditor, lender or bailee or assignee of any of the aforesaid"; second, that the defendant offered or entered into a "written consumer contract or [gave] or display[ed] any written consumer warranty, notice or sign"; third, that at the time that the written consumer contract is signed or the written consumer warranty, notice or sign is displayed, that writing contains a provision that "violates any clearly established legal right of a consumer or responsibility of a seller, lessor, creditor, lender or bailee" as established by State or Federal law; and finally, that the plaintiff is an "aggrieved consumer."
>
> [Pisack, 240 N.J. at 379 (alterations in original) (quoting Spade, 232 N.J. at 516 (quoting N.J.S.A. 56:12-15, -17)).]

A-3514-22

Plaintiff argues the court erred by finding he did not satisfy "the fourth element needed to establish a TCCWNA cause of action because he is an aggrieved consumer." We disagree. We acknowledge "the TCCWNA is 'entitled to a broad interpretation.'" Id. at 382 (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 442-43 (2013)). Here, however, plaintiff's complaint simply states: "defendant[] violated the [TCCWNA]"; "[p]laintiff and others similarly situated have a right to be free from abusive debt collection practices"; "[d]efendant's . . . letter cause[d] [him] to be confused"; and "[he] [wa]s an aggrieved consumer for purposes of N.J.S.A. 56:12-17." The complaint offers no facts alleging an adverse consequence or harm which is either compensable or non-compensable by monetary damages.

Plaintiff accurately recites our Supreme Court's holding in Spade that "a consumer may be 'aggrieved' for purposes of N.J.S.A. 56:12-17 if he or she has suffered harm as a result of the defendant's inclusion of prohibited language in a contract or other writing even if that harm is not a basis for a damages award." 232 N.J. at 523. Relevantly, however, the Court further explained in the "absence of evidence that the consumer suffered adverse consequences as a result of the defendant's regulatory violation, a consumer is not an 'aggrieved consumer.'" Id. at 524. Thus, to survive a motion to dismiss, plaintiff had to

13

state the fundament of a claim of an adverse consequence suffered. After reviewing plaintiff's complaint liberally, we concur with the court that the complaint fails to glean a claim under the TCCWNA.

To the extent that we have not addressed plaintiff's remaining contentions, they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-3514-22