**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1718-24

B&M ESTATES LLC,
BRENDAN CONHEENEY, and
MICHAEL CHERVENAK,

     Plaintiffs-Appellants,

v.

W. LANE MILLER,
INDIVIDUALLY and THE
KISLAK COMPANY, INC.,

     Defendants-Respondents.

_____

Submitted January 13, 2026 – Decided January 23, 2026

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3730-24.

Genesis A. Peduto, attorneys for appellants (Suzy R. Yengo, on the briefs).

W. Lane Miller, attorney for respondents.

PER CURIAM

Plaintiffs B&M Estates LLC (B&M), Brendan Conheeney, and Michael Chervenak appeal from a January 3, 2025 order dismissing their complaint against defendants The Kislak Company, Inc. (Kislak) and W. Lane Miller, Esq. without prejudice for failure to state a claim pursuant to Rule 4:6-2(e).[1] We affirm.

The dispute in this case arose out of a lawsuit filed by Kislak against plaintiffs in Middlesex County, Kislak Co. Inc. v. Prominent Props., LLC, No. MID-L-3038-14, to recover an unpaid real estate commission on property located in Lake Como that plaintiffs purchased in 2013. In 2016, following a bench trial, the court entered judgment in favor of plaintiffs, finding no cause of action against them. Kislak appealed from that judgment, arguing the court improperly dismissed its claims against plaintiffs.

We reversed and remanded "to the trial court for specific factual findings and conclusions of law as to the finding of no cause of action against" plaintiffs. Kislak Co. Inc. v. Prominent Props., LLC, No. A-2650-17 (App. Div. Apr. 3,

---

[1] Based on the circumstances of this case, we have reviewed the order as final and appealable as of right because it resolved all issues as to all parties. See Rubin v. Tress, 464 N.J. Super. 49, 56 n.3 (App. Div. 2020) (explaining an order that "disposes of all issues as to all parties" may be appealable as of right, "depending on the circumstances") (quotations and citations omitted); see also Morris County v. 8 Court Street Ltd., 223 N.J. Super. 35, 39 (App. Div. 1988).

2019) (slip op. at 8). On June 12, 2020, the court entered an amended judgment in favor of Kislak and against plaintiffs finding them jointly and severally responsible for the unpaid real estate commission (the Middlesex judgment).

Plaintiffs appealed from the Middlesex judgment. On October 30, 2020, their appeal was dismissed for failure to prosecute. Kislak Co. Inc. v. Prominent Props., LLC, No. A-0193-20 (App. Div. Oct. 30, 2020) (order at ¶¶ 1-2).

In 2022, Kislak served information subpoenas on plaintiffs in connection with the Middlesex judgment. Plaintiffs did not respond. On March 23, 2022, Kislak filed a motion to enforce litigants' rights seeking to compel plaintiffs to respond.

On April 28, 2022, plaintiffs removed the Middlesex action to the United States District Court for the District of New Jersey pursuant to 28 U.S.C. § 1446 (a) and (d), contending removal was "proper because [of Kislak's] attempts to collect a debt and [plaintiffs'] [c]ounterclaim[s] involve federal questions." On May 19, 2022, plaintiffs filed a document titled "counterclaims [and] third-party complaint with declaratory judgment" in the District Court purporting to assert "affirmative defenses" to the Middlesex judgment and claims against Kislak and its attorney in the Middlesex action, Miller, for violations of the Fair Debt

A-1718-24

Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to -1692p, and Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681 to -1681x, among others.

On August 15, 2023, the District Court entered an order granting Kislak's motion to remand the case to Middlesex County and awarding it attorney's fees because plaintiffs "did not have an objectively reasonable basis for removal." Kislak Co. Inc. v. Prominent Props., LLC, No. CV 22-2482, 2023 WL 5218085, at *1 (D.N.J. Aug. 15, 2023). On September 8, the District Court entered an order awarding Kislak $14,450 in attorney's fees.

Plaintiffs appealed to the United States Court of Appeals for the Third Circuit. On July 3, 2024, the Third Circuit dismissed their appeal for lack of jurisdiction, affirmed the District Court's award of attorney's fees, and deemed plaintiffs' appeal "plainly frivolous." Kislak Co. Inc. v. Prominent Props., LLC, No. 23-2718, 2024 WL 3292755, at *1 (3d Cir. July 3, 2024). On August 26, 2024, the Third Circuit entered an order awarding Kislak $11,089.60 in attorney's fees.

On November 6, 2024, plaintiffs filed their complaint in this action captioned, "complaint filed on remand from [the] United States District Court." Plaintiffs alleged Miller and Kislak "persistently attempt to collect an alleged debt in violation of the FDCPA and FCRA. This from an alleged transaction

that Kislak lost at trial in August 2016 (over eight years ago). This, from an illegal and alleged commission for the purchase of real estate." On November 7, plaintiffs filed a motion to quash the information subpoenas served in the Middlesex action.

Defendants filed a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e). On January 3, 2025, following oral argument, Judge Thomas M. Comer entered an order granting defendants' motion supported by an oral opinion. He concluded the complaint did not set forth a viable cause of action and plaintiffs were not "able to articulate any basis upon which [they] could potentially prevail." The judge found "Miller and [Kislak] have a valid judgment against . . . plaintiffs and they[ are] attempting to use [the] normal collection process . . . to collect on that judgment." Judge Comer noted plaintiffs

> seem to . . . think they[ are] able to raise defenses that maybe should[ have] been raised in the underlying case before the judgment was entered. But that ship sailed four-and-a-half years ago. There is no appeal. That[ is] . . . a final judgment. The time to appeal . . . has long since expired.

The judge denied plaintiffs' motion to quash because he lacked authority to quash subpoenas served in the Middlesex action but noted "if [he] did have

5

authority" he would deny the motion because they were "appropriate subpoena[s]."  This appeal followed.

On appeal, plaintiffs argue the judge incorrectly granted the motion to dismiss because they "neither had nor have a responsibility . . . to . . . Kislak." They contend "B&M had no written or oral agreement with . . . Kislak; nor did . . . Conheeney and Chervenak ever execute an agreement to remit a fee to . . . Kislak."  Plaintiffs also assert defendants "are estopped from asserting claims" pursuant to the "Supremacy Clause of the United States Constitution" because their actions violated the FDCPA and FCRA.

We review a trial court's decision to grant or deny a motion to dismiss pursuant to Rule 4:6-2(e) de novo, applying the same standard as the trial court. Smith v. Datla, 451 N.J. Super. 82, 88 (App. Div. 2017) (citation omitted).  In deciding a motion to dismiss for failure to state a claim, the court must carefully examine the allegations "to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim."  Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)).

A-1718-24

Based on our de novo review, we are convinced Judge Comer correctly granted defendants' motion to dismiss. Plaintiffs' complaint does not set forth the fundaments of any viable cause of action against Kislak, much less against its attorney, Miller. The complaint contains nothing more than the bald assertion that defendants violated the FDCPA and FCRA by attempting to collect the unsatisfied Middlesex judgment. The judge also correctly determined plaintiffs' motion to quash the information subpoenas in the Middlesex action was improperly filed in this action.

To the extent we have not specifically addressed any of plaintiffs' remaining arguments, including their purported defenses to the Middlesex judgment, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-1718-24